UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NURULLAH SAMAR, Petitioner, v. WARDEN, Otay Mesa Detention Center, et al., Respondents. | Case No.: 26-CV-4433 JLS (DEB) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** (ECF No. 1) |

Presently before the Court is Nurullah Samar's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4). Petitioner did not file a traverse. *See generally* Docket. For the reasons set forth below, the Court **GRANTS** the Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Samar, a citizen of Turkey, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since January 30, 2026, when he entered the United States. Pet. at 2. Fearing persecution in Turkey on account of his ethnicity and religion, Samar crossed the U.S. border from Mexico seeking asylum. *Id.* Samar was placed into custody,

received a credible fear interview, and was transferred to Otay Mesa Detention Center. *Id*. On May 7, 2026, Samar applied for asylum. *Id*. Samar was scheduled for an individual hearing on July 30, 2026, but the hearing was postponed until August 27, 2026. *Id*. Samar then filed the present Petition, arguing that his prolonged detention violates the Fifth Amendment's Due Process Clause and 8 U.S.C § 1225, requesting release, or in the alternative, a bond hearing. *See* Pet. at 7, 8, 12.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I. Jurisdiction

The Government argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Samar's claim arises from the decision to commence removal proceedings. Ret. at 3–4. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly"

as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Samar does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, he is challenging his prolonged detention without a bond hearing. Pet. at 2. Samar is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II. Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future

detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Samar has established he is entitled to a bond hearing. Samar's length of detention—almost seven months—without a bond hearing weighs in his favor. Courts have found that detention of similar length without a bond hearing weighs towards finding that detention has become unreasonable. *See, e.g.*, *Castro Ricardo v. ICE Field Off. Dir.*, No. 26-CV-1195-SAB, 2026 WL 1179786, at *2 (W.D. Wash. April 30, 2026) (finding detention prolonged without a hearing at five and a half months); *Nche v. Patrick*, No. 26-CV-2449-JES-DDL, 2026 WL 1195015, at *3 (S.D. Cal. May 1, 2026) (finding this factor weighed slightly in favor of a bond hearing after six months of detention); *Thompson v. Mullin*, No. 26-CV-2743-JLS-BJW, 2026 WL 1697635, at *2 (S.D. Cal. June 11, 2026) (finding that a seven-month detention weighed in favor of granting a bond hearing); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Samar.

As to the likely duration of future detention, Samar argues that he has reason to anticipate significant future detention because the appeals process can take a significant amount of time. Pet. at 11. The Court agrees, as he has yet to receive an individual hearing and the Government "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Indeed, the Government admits that "[a]ny length of detention after removal is purely speculative." Ret. at 9.

Delay in removal proceedings is neutral since the record does not suggest delay by the Government nor Samar. *See* generally Pet.; Ret. Balancing the discussed factors, the

Court concludes that Samar's detention has become unreasonably prolonged, and therefore, he is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Samar's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Samar with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that Samar is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Samar shall be released from the Government's custody. The Parties **SHALL** file a Joint Status Report by September 14, 2026, informing the Court of the outcome of the hearing. The Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Janis L. Sammartino
United States District Judge